> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 3, 2023[*]
Decided February 3, 2023

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 22-1711

| | |
|---|---|
| PIERRE Q. PULLINS,<br>*Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | |
| REUTERS NEWS & MEDIA INC.,<br>*Defendant-Appellee*. | No. 1:21-cv-02009-TWP-MG<br><br>Tanya Walton Pratt,<br>*Chief Judge*. |

**O R D E R**

Pierre Pullins, a former Walmart employee, invoked diversity jurisdiction and sued Reuters News and Media, Inc. under state law, alleging that a Reuters reporter plotted with Walmart to defraud and spy on him. The district court dismissed the suit, ruling that the allegations inadequately stated a claim. For the same reason, we affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Case: 22-1711     Document: 25     Filed: 02/03/2023     Pages: 3

We recite Pullins's factual allegations in his operative complaint. *Owens v. LVNV Funding, LLC*, 832 F.3d 726, 730 (7th Cir. 2016). We also consider the online messages between Pullins and the Reuters reporter attached to Reuters's motion to dismiss because Pullins refers to them, he concedes they are accurate, and they are central to his claim. *See Fin. Fiduciaries, LLC v. Gannett Co.*, 46 F.4th 654, 663 (7th Cir. 2022).

While Pullins was working at Walmart and supporting a union, a Reuters reporter contacted him on Facebook. The reporter said she was writing a story about unions at Amazon, saw that he had "liked" a post supporting Amazon workers, and wondered if he knew any Amazon workers who might speak with her. Pullins replied that he did not know any, but that he had stories about union activity at Amazon and Walmart. She told him that she was not currently working on a story about unions at Walmart. He replied that Amazon and Walmart collaborated to defeat unions. She then asked if she could quote him about that collaboration for the story that she was writing about Amazon. He agreed and then talked about his job and union activities at Walmart and Amazon. They then set up a time for an in-person interview. Pullins later cancelled the interview and sued Reuters.

In this suit, Pullins alleged that Walmart and Reuters conspired to lie about the reporter's status. He asserted that the reporter lied by saying that she was working on a story about unionization at Amazon while she was, instead, secretly gathering information for Walmart about his union activities there. He invoked the state torts of civil conspiracy, fraud, deception, and abuse of power. The district court analyzed each tort separately, concluded that Pullins's allegations did not state actionable claims, and granted Reuters's motion to dismiss the case.

On appeal, Pullins argues first that the district court wrongly dismissed his civil-conspiracy claim. Second, he contends that the court mis-analyzed his other claims (fraud, deception, and abuse of power) because he meant by them to state only a claim of intentional infliction of emotional distress. We address and reject both contentions.

The district court properly dismissed Pullins's civil-conspiracy claim. Pullins's allegation that Walmart and Reuters agreed to lie to him about the reporter's status is an allegation of deceit. As such, the heightened pleading standard for fraud applies. It requires that Pullins describe the "who, what, when, where, and how" of the fraud. *See* FED. R. CIV. P. 9(b); *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 646 (7th Cir. 2019). Under this standard, Pullins has pleaded himself "out of court by

alleging facts that show [he] has no legal claim." *Shott v. Katz*, 829 F.3d 494, 497 (7th Cir. 2016). He asserts the "how" is that the reporter lied by stating she was writing about Amazon, and she revealed her lie with her questions. But the questions that Pullins alleges the reporter asked him refute his contention of deceit. The reporter asked Pullins about his knowledge—which he volunteered--of Walmart's collaboration with Amazon to suppress unions. This alleged inquiry is consistent with her statement that she was writing a story about Amazon. Thus, the complaint and related materials, taken as true, refute an allegation of a conspiracy to deceive Pullins. *See United States ex rel. Presser v. Acacia Mental Health Clinic, LLC*, 836 F.3d 770, 781 (7th Cir. 2016).

Pullins waived his argument about intentional infliction of emotional distress because he did not raise it in the district court. *See Cooper v. Retrieval-Masters Creditors Bureau, Inc.*, 42 F.4th 675, 688 (7th Cir. 2022). We grant pro se litigants leniency, but they still have to follow court rules, *see McNeil v. United States*, 508 U.S. 106, 113 (1993), including the need to preserve arguments for appeal by raising them first in the district court. Even if Pullins did not waive this claim, the questions put to Pullins that he voluntarily answered were not extreme and outrageous enough for an emotional-distress claim. *See Taylor v. JPMorgan Chase Bank, N.A.*, 958 F.3d 556, 566–67 (7th Cir. 2020).

AFFIRMED